### In the Matter of Michael David WELLS.

### No. 49S00–9911–DI–669.

Supreme Court of Indiana.

June 29, 2001.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

The hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action* in this matter has submitted his report to this Court. Upon review of that report, we find that the findings contained therein should be adopted and that the respondent engaged in attorney misconduct. Specifically, we now find as follows:

**Facts:** Under Count I of the verified complaint, the respondent failed to communicate with a client and, after being terminated from representation, failed to return case file materials to the client. Under Count II, the respondent did not promptly advise a client of receipt of a judgment on the client's behalf. Under Count III, he neglected to prosecute a child custody matter he had been hired to handle, then failed to refund to the client an advance-paid fee. Pursuant to Count IV, he failed to designate his attorney trust account as such, and drew checks payable to himself on the account. Under Count V, as well as all other counts, the respondent failed to respond to Commission demands for information relating to grievances filed against him.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.4(a), which requires lawyers to keep clients reasonably informed about the status of legal matters and promptly to respond to reasonable requests for information. He violated Prof.Cond.R. 1.15(a) and (b), which require a lawyer to hold property of client that is in the lawyer's possession in connection with a representation separate from his own and to promptly notify clients of receipt of funds in which the client has an interest. He violated Prof. Cond.R. 1.16(d), which requires a lawyer to protect clients' interests upon termination of representation. His conduct involved dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c). He converted client funds in violation of Prof.Cond.R. 8.4(b). By failing to respond to Commission demands for information, he violated Prof.Cond.R. 8.1(b). By failing to designate his trust account as subject to overdraft reporting requirements, he violated Admis.Disc.R. 23(29)(a)(1).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not less than one (1) year, effective August 3, 2001, after which any reinstatement to the practice of law in this state is conditioned upon his successful petition before this Court. Costs of this proceeding are assessed against the respondent.

All Justices concur.